Peter Schneider, WSBA# 43131
Northwest Debt Resolution, LLC
10900 NE 4th Street, Ste. 2300
Bellevue, WA 98004
Telephone: (425) 400-9001
Facsimile: (425) 609-0066
attorney@nwdebtresolution.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| CURTIS WILLIAMS, a Washington resident,<br><br>   Plaintiff,<br>                    v.<br><br>PHOENIX LAW, PC, a California corporation law firm, and credit repair organization,<br><br>   Defendant. | NO:<br><br>COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF UNDER THE WASHINGTON CONSUMER PROTECTION ACT RCW 19.86 ET SEQ, CREDIT REPAIR ORGANIZATION ACT 15 U.S.C. § 1679 ET SEQ, CREDIT SERVICES ORGANIZATIONS ACT RCW 19.134 ET SEQ, & FRAUD<br><br>DEMAND FOR JURY TRIAL |

COMES NOW the Plaintiff, by and through his attorney, Peter Schneider of Northwest Debt Resolution, LLC, and complains and alleges against the above-named Defendant as follows.

## I. JURISDICTION & VENUE

1.      Plaintiff is a resident of Clark County, Washington, and was a resident at all times relevant and material to this complaint.

COMPLAINT - 1

2. Defendant is a California corporation, law firm, and credit repair organization located in California, but which seeks out and does business with Washington residents.

3. This Court has personal jurisdiction over the Defendant and venue is proper because the Defendant's intentional tortious acts upon which this lawsuit is predicated occurred in Clark County, Washington, and the Defendant conducts business within and has sufficient minimum contacts with Washington residents living within the jurisdiction of the Western District Court of Washington. Defendant's contacts with Washington residents occurs through instrumentality of interstate commerce promising to improve consumers' credit records, credit history, credit rating, and settle and resolve consumer debts.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 & 1337 and 15 U.S.C. §1679.

## II.    PARTIES

5. The Plaintiff and Defendant are "person(s)" pursuant to RCW 19.86.010(1).

6. The money the Defendant sought from the Plaintiff is "trade" and "commerce" pursuant to RCW 19.86.010(2).

7. Plaintiff's "assets" were injured as a result of the Defendant's conduct pursuant to RCW 19.86.010(3).

8. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1).

9. Defendant is a "credit repair organization" as defined by 15 U.S.C. § 1679a(3), debt settlement provider, and law firm that offer consumers the ability to eliminate and resolve debt and repair credit through its law firm.

10. Plaintiff is a "buyer" pursuant to RCW 19.134.010(1).

11. Defendant is a "credit services organization" pursuant to RCW 19.134.010(2).

COMPLAINT - 2

NORTHWEST DEBT RESOLUTION, LLC
10900 NE 4TH STREET, STE. 2300
BELLEVUE, WA 98004
TELEPHONE: (425) 400-9001
FACSIMILE: (425) 609-0066

12. Plaintiff has been "injured" and "damaged" by the Defendant's actions pursuant to RCW 19.134.080.

13. Washington's Consumer Protection Act, ("CPA"), provides that "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." *RCW 19.86.020*

14. The purpose of the CPA is to "complement the body of federal law governing restraints of trade, unfair competition and unfair, deceptive and fraudulent acts and practices in order to protect the public and foster fair and honest competition." *Haberman v. Wash. Pub. Power Supply Sys.*, 109 Wn.2d 107, 169, 744 P.2d 1032, 750 P.2d 254 (1987). The CPA is to be "liberally construed that its beneficial purposes may be served." *Short v. Demopolis*, 103 Wn.2d 52, 61, 691 P.2d 163 (1984).

15. The CPA's citizen suit provision states that "any person who is injured in his or her business or property" by a violation of the act may bring a civil suit for injunctive relief, damages, attorney fees and costs, and treble damages. *RCW 19.86.090.*

16. To prevail in a private CPA claim, the plaintiff must prove (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation. *Hangman Ridge Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784, 719 P.2d 531 (1986).

17. The CPA states, it is the intent of the legislature that, in construing this act, the courts be guided by final decisions of the federal courts and final orders of the federal trade commission interpreting the various federal statutes dealing with the same or similar matters. *RCW 19.86.920*.

COMPLAINT - 3

NORTHWEST DEBT RESOLUTION, LLC
10900 NE 4TH STREET, STE. 2300
BELLEVUE, WA 98004
TELEPHONE: (425) 400-9001
FACSIMILE: (425) 609-0066

18. The CPA is a particularly appropriate vehicle for reaching the practices at issue. By broadly prohibiting "unfair or deceptive acts or practices in the conduct of any trade or commerce," RCW 19.86.020, the legislature intended to provide sufficient flexibility to reach unfair or deceptive conduct that inventively evades regulation. The deceptive use of a prior contract and the allegation that it was "purchased" is precisely the kind of "inventive" unfair and deceptive activity the CPA was intended to reach. *Hangman at ¶43*.

19. The CPA mandates that it be liberally construed to serve its purposes. *RCW 19.86.920.*

20. Even minimal damages constitute "injury" under the CPA. *Panag*, 166 Wn.2d at 57. A Plaintiff need not prove any monetary damages at all, as even "unquantifiable damages" suffice to establish "injury" for purposes of the CPA. *Id.* (citing *Nordstrom, Inc, v. Tampourlos*, 107 Wn.2d 735, 733 P.2d 208 (1987)).

21. Pursuant to RCW 19.134.070, violations of RCW 19.134 *et seq* are a *per se* violation of the Washington Consumer Protection Act.

### III.  FACTS

22. On or around February 15, 2021, the Plaintiff entered into a Legal Services Agreement with The Litigation Practice Group, PC.

23. This agreement provided that in exchange for monthly payments, Litigation Practice Group, PC, would provide debt validation services, remove erroneous and inaccurate information from credit reports, negotiate settlements, and provide legal assistance in the event the Plaintiff was sued for any of the enrolled debts.

COMPLAINT - 4

NORTHWEST DEBT RESOLUTION, LLC
10900 NE 4TH STREET, STE. 2300
BELLEVUE, WA 98004
TELEPHONE: (425) 400-9001
FACSIMILE:  (425) 609-0066

24. Nothing within the Legal Services Agreement authorized the Litigation Practice Group, PC, to assign, sell, or transfer the Plaintiff's account and contractual duties to any third party, including but not limited to the Defendant.

25. On information and belief, the Litigation Practice Group, PC, closed down its business sometime in the middle of February of 2023. On or around March 20, 2023, The Litigation Practice Group, PC, filed for Chapter 11 Bankruptcy (see Case 8:23-bk-10571-SC United States Bankruptcy Court of Central California). The Litigation Practice Group, PC, now seeks to convert this bankruptcy to a Chapter 7. Whatever agreement was in place between the Plaintiff and Litigation Practice Group, PC, is null and void.

26. On or around the beginning of April, 2023, a representative from the Defendant called the Plaintiff to advise that "his payment had not gone through." The Plaintiff asked the Defendant who they were and what the payment was for. The Defendant told the Plaintiff that it had received his "file" from Litigation Practice Group, PC.

27. The Plaintiff responded that he did not need their services and they were not his attorneys or law firm as he had signed no contract with them and he would not be giving them any money.

28. On or around May 2, 2023, the Plaintiff received a notification from his bank that there was a pending charge from the Defendant attempting to withdraw $269.34 from his Chase bank account.

29. When the Plaintiff spoke with a representative of the Defendant again, they informed him that his previous instructions that he did not authorize payments had not stopped the payments because he had not spoken with the correct person. The Defendant's representative went onto state that the contract he had signed with Litigation Practice Group,

COMPLAINT - 5

NORTHWEST DEBT RESOLUTION, LLC
10900 NE 4TH STREET, STE. 2300
BELLEVUE, WA 98004
TELEPHONE: (425) 400-9001
FACSIMILE:  (425) 609-0066

PC, had a clause that allowed Litigation Practice Group to transfer his account to anyone. Plaintiff again told the Defendant that he did not want its services, had signed no contract with it, and it was not authorized to remove funds from his bank account.

30. Plaintiff called his bank and put a stop payment on the pending withdraw. This cost the Plaintiff $34.00 dollars.

31. The Defendant threatened the Plaintiff and told him it was going to send a letter to his debtors and let them know he had zero legal representation.

32. When the Plaintiff apprised the Defendant of the fact that he had an attorney, its representative responded "Oh, so you're going to continue to work with someone that just filed bankruptcy, that's smart."

33. Plaintiff never agreed to receive services from the Defendant.

34. Plaintiff never signed any agreement with the Defendant to receive credit repair services.

35. It is unknown how the Defendant was able to obtain the Plaintiff's banking information.

36. The Plaintiff's contract with Litigation Practice Group, PC, had not, and could not have been transferred to the Defendant, and he had never received notice of such a transfer. The only way the Litigation Practice Group could have transferred the Plaintiff's account to the Defendant would be through the sale of its law firm. Pursuant to RPC 1.17 this would have required the express written consent of the Plaintiff 90 days *prior* to the sale of Litigation Practice Group's practice to the Defendant. None of this ever occurred.

37. As a result of the Defendant's illegal actions, the Plaintiff has been injured and damaged, including emotional distress, fear, sleeplessness, anxiety, and pecuniary loss.

COMPLAINT - 6

NORTHWEST DEBT RESOLUTION, LLC
10900 NE 4TH STREET, STE. 2300
BELLEVUE, WA 98004
TELEPHONE: (425) 400-9001
FACSIMILE:  (425) 609-0066

## COUNT 1 – CONSUMER PROTECTION ACT

38. RCW 19.86.020 prohibits entities from engaging in unfair and deceptive practices.

39. The Plaintiff realleges the previous paragraphs supra.

40. Defendant's actions occurred in trade and commerce because it sought to and forced a unilateral payment from the Plaintiff.

41. Defendant's actions impact the public interest, because it could and on information and belief, has done the same to other Washington residents that were signed up with Litigation Practice Group for debt relief and credit repair.

42. The Plaintiff has been injured and damaged by the Defendant's actions, and the Defendant's were the direct cause of those injuries.

43. Violations of RCW 19.134 *et seq* are *per se* violations of the Washington Consumer Protection Act.

44. Therefore, the Defendant violated RCW 19.86 *et seq* on no fewer than twelve (12) occasions.

## COUNT 2 – CREDIT REPAIR ORGANIZATION ACT

45. 15 U.S.C. § 1679b(a)(3) prohibits any person from making or using any untrue or misleading representations of the services of the credit repair organization.

46. The Plaintiff realleges the previous paragraphs supra.

47. Therefore, the Defendant violated 15 U.S.C. § 1679b(a)(3) on no fewer than six (6) occasions.

## COUNT 3 - CREDIT REPAIR ORGANIZATION ACT

48. 15 U.S.C. § 1679b(a)(4) prohibits any person from engaging, directly, or indirectly, in any act, practice, or course of business that constitutes or results in the

COMPLAINT - 7

NORTHWEST DEBT RESOLUTION, LLC
10900 NE 4TH STREET, STE. 2300
BELLEVUE, WA 98004
TELEPHONE: (425) 400-9001
FACSIMILE: (425) 609-0066

commission of, or an attempt to, commit fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization.

49. The Plaintiff realleges the previous paragraphs supra.

50. Therefore, the Defendant violated 15 U.S.C. § 1679(a)(4) on no fewer than six (6) occasions.

## COUNT 4 - CREDIT REPAIR ORGANIZATION ACT

51. 15 U.S.C. § 1679b(b) prohibits a credit repair organization from charging or receiving any money for the performance of any service which the credit repair organization has agreed to perform for any buyer before such service is fully performed.

52. The Plaintiff realleges the previous paragraphs supra.

53. Therefore, the Defendant violated 15 U.S.C. § 1679b(b) on no fewer than one (1) occasion.

## COUNT 5 - CREDIT REPAIR ORGANIZATION ACT

54. 15 U.S.C. § 1679c prohibits a credit repair organization from providing services prior to certain written disclosures being made to the buyers.

55. The Plaintiff realleges the previous paragraphs supra.

56. Therefore, the Defendant violated 15 U.S.C. § 1679c on no fewer than four (4) occasions.

## COUNT 6 - CREDIT REPAIR ORGANIZATION ACT

57. 15 U.S.C. § 1679d prohibits a credit repair organization from performing services and/or charging buyers prior to a signed written agreement being in place between the two parties.

58. The Plaintiff realleges the previous paragraphs supra.

COMPLAINT - 8

NORTHWEST DEBT RESOLUTION, LLC
10900 NE 4TH STREET, STE. 2300
BELLEVUE, WA 98004
TELEPHONE: (425) 400-9001
FACSIMILE: (425) 609-0066

59. Therefore, the Defendant violated 15 U.S.C. § 1679d on no fewer than four (4) occasions.

### COUNT 7 - CREDIT REPAIR ORGANIZATION ACT

60. 15 U.S.C. § 1679e requires a credit repair organization to provide a buyer a separate notice of their right to cancel the agreement prior to performing any acts or charging the buyer.

61. The Plaintiff realleges the previous paragraphs supra.

62. Therefore, the Defendant violated 15 U.S.C. § 1679e on no fewer than one (1) occasion.

### COUNT 8 – CREDIT SERVICES ORGANIZATIONS ACT

63. RCW 19.134.020(1) prohibits a credit services organization from charging or receiving money from a buyer prior to full and complete performance of the services the credit services organization has agreed to perform.

64. The Plaintiff realleges the previous paragraphs supra.

65. Therefore, the Defendant violated RCW 19.134.020(1) on no fewer than one (1) occasion.

### COUNT 9 – CREDIT SERVICES ORGANIZATIONS ACT

66. RCW 19.134.020(4) prohibits a credit services organization from making any untrue or misleading representations to a buyer in the offer or sale of the services of the credit services organization or engage, directly or indirectly, in any act, practice, or course of business that operates or would operate as fraud or deception upon any persons in connection with the offer or sale of a credit services organization.

67. The Plaintiff realleges the previous paragraphs supra.

COMPLAINT - 9

NORTHWEST DEBT RESOLUTION, LLC
10900 NE 4TH STREET, STE. 2300
BELLEVUE, WA 98004
TELEPHONE: (425) 400-9001
FACSIMILE: (425) 609-0066

68. Therefore, the Defendant violated RCW 19.134.020(4) on no fewer than six (6) occasions.

### COUNT 10 – CREDIT SERVICES ORGANIZATIONS ACT

69. RCW 19.134.040 requires a credit services organization to have a fully executed contract between it and the buyer prior to any money being received by the consumer.

70. The Plaintiff realleges the previous paragraphs supra.

71. Therefore, the Defendant violated RCW 19.134.040 on no fewer than one (1) occasion.

### COUNT 11 – CREDIT SERVICES ORGANIZATIONS ACT

72. RCW 19.134.050 requires a credit services organization to provide the buyer a written information statement containing:

> A complete and accurate statement of the buyer's right to review any file on the buyer maintained by any consumer reporting agency, as provided under the federal Fair Credit Reporting Act, 15 U.S.C. Secs. 1681 through 1681t;
>
> A statement that the buyer may review his or her consumer reporting agency file at no charge if a request is made to the consumer credit reporting agency within thirty days after receiving notice that credit has been denied; and
>
> The approximate price the buyer will be charged by the consumer reporting agency to review his or her consumer reporting agency file;
>
> A complete and accurate statement of the buyer's right to dispute the completeness or accuracy of any item contained in any file on the buyer maintained by any consumer reporting agency;
>
> A complete and detailed description of the services to be performed by the credit services organization for the buyer and the total amount the buyer will have to pay, or become obligated to pay, for the services;
>
> A statement asserting the buyer's right to proceed against the bond or trust account required under RCW 19.134.020;

COMPLAINT - 10

NORTHWEST DEBT RESOLUTION, LLC
10900 NE 4TH STREET, STE. 2300
BELLEVUE, WA 98004
TELEPHONE: (425) 400-9001
FACSIMILE: (425) 609-0066

The name and address of the surety company that issued the bond, or the name and address of the depository and the trustee and the account number of the trust account.

73. The Plaintiff realleges the previous paragraphs supra.

74. Therefore, the Defendant violated RCW 19.134.050 on no fewer than four (4) occasions.

## COUNT 12 –  CREDIT SERVICES ORGANIZATIONS ACT

75. RCW 19.134.060 requires of credit services organizations:

Each contract between the buyer and a credit services organization for the purchase of the services of the credit services organization shall be in writing, dated, signed by the buyer, and include all of the following:

A conspicuous statement in bold face type, in immediate proximity to the space reserved for the signature of the buyer, as follows: "You, the buyer, may cancel this contract at any time prior to midnight of the fifth day after the date of the transaction. See the attached notice of cancellation form for an explanation of this right";

The terms and conditions of payment, including the total of all payments to be made by the buyer, whether to the credit services organization or to some other person;

A full and detailed description of the services to be performed by the credit services organization for the buyer, including all guarantees and all promises of full or partial refunds, and the estimated date by which the services are to be performed, or estimated length of time for performing the services;

The credit services organization's principal business address and the name and address of its agent in the state authorized to receive service of process;
The contract shall be accompanied by a completed form in duplicate, captioned "Notice of Cancellation" that shall be attached to the contract, be easily detachable, and contain in bold face type the following statement written in the same language as used in the contract.

76. The Plaintiff realleges the previous paragraphs supra.

COMPLAINT - 11

NORTHWEST DEBT RESOLUTION, LLC
10900 NE 4TH STREET, STE. 2300
BELLEVUE, WA 98004
TELEPHONE: (425) 400-9001
FACSIMILE: (425) 609-0066

77. Therefore, the Defendant violated RCW 19.134.060 on no fewer than nine (9) occasions.

### COUNT 13 – CREDIT SERVICES ORGANIZATIONS ACT

78. RCW 19.134.070 prohibits a credit services organization from attempting to have a buyer waive their rights under the Washington Credit Services Organization Act.

79. The Plaintiff realleges the previous paragraphs supra.

80. Therefore, the Defendant violated RCW 19.134.070 on no fewer than six (6) occasions.

### COUNT 14 – FRAUD

81. Common law fraud in Washington State prohibits an individual or entity from misrepresenting a material fact to another, with knowledge of its falsity, for the purpose of inducing the other person to act, and injury.

82. The Plaintiff realleges the previous paragraphs supra.

83. Therefore, the Defendant committed common law fraud on the Plaintiff on no fewer than five (5) occasions.

### COUNT 15 – INJUNCTIVE RELIEF

84. A Plaintiff may seek injunctive relief for violations of the Consumer Protection Act and Credit Services Organization Act. RCW 19.86.090 & RCW 19.134.070.

85. The Plaintiff does seek injunctive relief from this Court which would enjoin the Defendant from acting in the manner described above from the Plaintiff and any other person similarly situated. *Scott v. Cingular Wireless*, 160 Wn.2d 843 (2007).

86. Specifically, the Plaintiff seeks an injunction prohibiting the Defendant from its illegal actions including but not limited to, lying to consumers about their accounts being

NORTHWEST DEBT RESOLUTION, LLC
10900 NE 4TH STREET, STE. 2300
BELLEVUE, WA 98004
TELEPHONE: (425) 400-9001
FACSIMILE: (425) 609-0066

purchased by the Defendant, withdrawing money from consumers' bank accounts without the authorization of the consumers, failure to adhere to the requirements of the Washington Consumer Protection Act, Credit Repair Organization Act, and Credit Services Organizations Act.

87. The Defendant's actions constitute a documented pattern and practice of behavior that has impacted the Plaintiff, and other individuals similarly situated and caused injury to them.

88. Injunctive relief is necessary to prevent further injury to Plaintiff and to the Washington public as well.

89. Injunctive relief should therefore be granted by this Court.

## IV. **JURY DEMAND**

90. Plaintiff demands a trial by jury.

## V. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

91. For Judgment against the Defendant for Plaintiff's actual damages in an amount to be determined at trial;

92. For treble actual damages pursuant to RCW 19.86.090;

93. For statutory damages of $7,500.00 per violation pursuant to RCW 19.86.140;

94. For punitive damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1679g(a)(2)(A);

95. For Plaintiff's costs and attorney's fees pursuant to RCW 19.86.90, RCW 19.134.080 & 15 U.S.C. § 1679g(a)(3);

96. For injunctive relief pursuant to RCW 19.86.090 & RCW 19.134.070 as

COMPLAINT - 13

NORTHWEST DEBT RESOLUTION, LLC
10900 NE 4TH STREET, STE. 2300
BELLEVUE, WA 98004
TELEPHONE: (425) 400-9001
FACSIMILE: (425) 609-0066

described above;

97.  For any and all other relief this Court deems proper.

DATED May 12, 2023

                                NORTHWEST DEBT RESOLUTION, LLC

                                _____

                                Peter Schneider, WSBA# 43131
                                Attorney for Plaintiff

COMPLAINT - 14

NORTHWEST DEBT RESOLUTION, LLC
10900 NE 4TH STREET, STE. 2300
BELLEVUE, WA 98004
TELEPHONE: (425) 400-9001
FACSIMILE: (425) 609-0066