1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CURTIS WILLIAMS,

                Plaintiff,

    v.

PHOENIX LAW PC,

                Defendant.

CASE NO. 3:23-cv-05437-LK

ORDER DENYING MOTION FOR ENTRY OF DEFAULT

16
17
18
19
20
21
22

       This matter comes before the Court on Plaintiff Curtis Williams' Motion for Order of Default. Dkt. No. 6. Williams initiated this action against Defendant Phoenix Law, PC on May 12, 2023, seeking to recover damages under federal and state law based on Phoenix Law's alleged attempts to charge him for credit repair services he did not sign up for. *See generally* Dkt. No. 1. Williams filed an affidavit of service on May 22, 2023, Dkt. No. 5, and moved for entry of default following Phoenix Law's failure to appear or defend in this action, Dkt. No. 6. The motion is denied without prejudice for the reasons discussed below.

23
24

       Local Civil Rule 55(a) requires a showing that the defaulting party was served in a manner authorized by Federal Rule of Civil Procedure 4. In this case, counsel for Williams states in his

1  motion that Phoenix Law "was served with a copy of the summons and complaint" on May 18,
2  2023, and cites to the aforementioned affidavit of service. Dkt. No. 6 at 2. The declaration of
3  service, in turn, avers that the process server "served the summons on CSC-Lawyers Incorporating
4  Service, who is designated by law to accept service of process on behalf of [Phoenix Law], a
5  California corporation law firm, and credit repair organization at 2710 Gateway Oaks Drive suite
6  150n, Sacramento, CA 95833[.]" Dkt. No. 5 at 2.

7  Federal Rule of Civil Procedure 4 provides two methods of service on a corporate entity.
8  First, a plaintiff may follow "state law for serving a summons in an action brought in courts of
9  general jurisdiction in the state where the district court is located or where service is made[.]" *See*
10 Fed. R. Civ. P. 4(e)(1), (h)(1)(A). Or alternatively, a plaintiff may deliver a copy of the summons
11 and complaint "to an officer, a managing or general agent, or any other agent authorized by
12 appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(B).

13 The two states relevant in this case are Washington, where the district court is located, and
14 California, where Williams attempted service. Fed. R. Civ. P. 4(e)(1). Under Washington law,
15 personal service is effectuated on a corporation by delivering a copy of the summons "to the
16 president or other head of the company or corporation, the registered agent, secretary, cashier or
17 managing agent thereof or to the secretary, stenographer or office assistant of the president or other
18 head of the company or corporation, registered agent, secretary, cashier or managing agent." Wash.
19 Rev. Code § 4.28.080(9); *see also id.* § 23.95.450(1) ("A represented entity may be served with
20 any process, notice, or demand required or permitted by law by serving its registered agent."). And
21 under California law, service is effectuated by delivering a copy of the summons and complaint to
22 "the person designated as agent for service of process as provided by any provision in Section 202,
23 1502, 2105, or 2107 of the Corporations Code[.]" Cal. Civ. Proc. Code § 416.10(a); *see also* Cal.
24 Corp. Code § 1701 (permitting service of process against a corporation "(a) to any natural person

ORDER DENYING MOTION FOR ENTRY OF DEFAULT - 2

1  designated by it as agent or (b), if a corporate agent has been designated, to any person named in the latest certificate of the corporate agent filed pursuant to Section 1505 at the office of such corporate agent shall constitute valid service on the corporation.").

It is critical that a plaintiff strictly comply with these procedures. *See Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). Effective service is all the more important in cases like this one because default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). Public records confirm that CSC-Lawyers Incorporating Service is a registered agent service generally authorized to accept service on behalf of Phoenix Law at 2710 Gateway Oaks Drive in Sacramento, California. *See* California Secretary of Business Search, Results for Phoenix Law, PC, https://bizfileonline.sos.ca.gov/search/business (last visited June 28, 2023); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (a district court may take judicial notice of matters of public record). The same public records indicate that there are 19 different individual employees at CSC-Lawyers Incorporating Service authorized by statute to accept service. *See* Cal. Corp. Code § 1505(a)(2)–(3). However, Williams' affidavit of service fails to show which person authorized by CSC-Lawyers Incorporating Service to accept service was in fact served. Dkt. No. 5 at 2. Nor does Williams' motion otherwise indicate how service complied with Federal Rule of Civil Procedure 4. *See generally* Dkt. No. 6. In addition, the Court notes that Williams' motion fails to comport with the procedural requirements of Local Civil Rule 7, which requires that the noting date be included in the caption and that a proposed order be submitted along with the motion. LCR 7(b)(1).

ORDER DENYING MOTION FOR ENTRY OF DEFAULT - 3

1 | Accordingly, the Court denies Williams' motion for entry of default without prejudice to
2 | renew, and if necessary, to re-serve Phoenix Law.
3 |
4 | Dated this 28th day of June, 2023.

*Lauren King*
Lauren King
United States District Judge

ORDER DENYING MOTION FOR ENTRY OF DEFAULT - 4