UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CURTIS WILLIAMS,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>PHOENIX LAW, PC,<br><br>　　　　　　　Defendant. | CASE NO. 3:23-cv-05437-LK<br><br>SECOND ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED |

This matter comes before the Court following Plaintiff Curtis Williams' Response to the Court's August 15, 2023 Order to Show Cause. Dkt. Nos. 8–9. For the reasons discussed below, Williams' response is insufficient, and the Court provides him a final opportunity to show cause why this case should not be dismissed.

## I.  BACKGROUND

Williams initiated this case against Defendant Phoenix Law, PC on May 12, 2023, seeking to recover damages under federal and state law based on Phoenix Law's alleged attempts to charge him for credit repair services he did not sign up for. *See generally* Dkt. No. 1. On June 27, 2023, Williams moved for entry of default following Phoenix Law's failure to appear or defend in this

SECOND ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED - 1

action. Dkt. No. 6. The next day, on June 28, 2023, the Court denied without prejudice Williams' motion for an entry of default. Dkt. No. 7. In particular, the Court questioned whether Williams had effectuated service of the summons and complaint on Phoenix Law in accordance with Federal Rule of Civil Procedure 4, and invited Williams to re-serve Phoenix Law. *Id.* at 1–4.

On August 15, 2023, after the 90-day time limit for service expired without further activity in the case, the Court ordered Williams to show cause why this case should not be dismissed for failure to prosecute in light of his failure to timely perfect service. Dkt. No. 8; *see* Fed. R. Civ. P. 4(m).

Williams responded to the Court's Order on August 26, 2023, indicating that his counsel has been monitoring collateral bankruptcy proceedings involving Phoenix Law "to divine as to whether it was appropriate to take action in this case," but that counsel ultimately decided against doing so "[o]ut of an abundance of caution[.]" Dkt. No. 9 at 1–2. Specifically, Williams' counsel notes that there are ongoing proceedings in the United States Bankruptcy Court for the Central District of California involving a "fraudulent transfer of assets investigation in the [b]ankruptcy of Litigation Practice Group, PC," and "an adversarial proceeding by the trustee of that bankruptcy, Richard A. Marshack." *Id.* at 1–2; *see also* Dkt. No. 1 at 5. However, counsel avers that an order issued by the bankruptcy court on August 7, 2023 approved the sale of the Litigation Practice Group's assets to a third party, "including but not limited to the fraudulently transferred assets sold to Phoenix Law[.]" Dkt. No. 9 at 2. According to counsel, this "order appears to strip any liability incurred by Phoenix Law, resulting in the third party receiving 'clean' assets," but counsel also claims that "[t]he liability for its illegal conduct remains with Phoenix Law." *Id.*

With respect to service, Williams asserts that he "intends to perfect service" on Phoenix Law "pursuant to the requirements of Californi[]a law" and "will explain to [the] process server that the name of the individual at the registered agent must also be recorded[.]" *Id.* Williams notes

that "the entity prescribed as the registered agent for [Phoenix Law] was served with a copy of the summons and complaint in this matter" but adds, somewhat confusingly, that "the process server omitted the inclusion of the complaint." *Id.* In his response to the Court's Order to Show Cause, Williams further requests that he be permitted an additional 60 days to serve Phoenix Law. *Id.*

## II.   DISCUSSION

### A.   Legal Standard

As the Court explained in its August 15, 2023 Order, Plaintiffs have a general duty to prosecute their claims, *see Fid. Phila. Tr. Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978), and they fail to fulfill this duty when they do not litigate their case, *see, e.g.*, *Spesock v. U.S. Bank, NA*, No. C18-0092-JLR, 2018 WL 5825439, at *3 (W.D. Wash. Nov. 7, 2018); *see also* Fed. R. Civ. P. 41(b) (permitting dismissal if a plaintiff fails to prosecute or to comply with the federal rules or a court order). In addition, the Court noted that the Federal Rules of Civil Procedure afford plaintiffs 90 days from the date the complaint is filed to effect service on a defendant. Fed. R. Civ. P. 4(m).

If a defendant is not served within that time frame, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* However, Rule 4(m) "provides two avenues for relief." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). The first is mandatory under the plain language of the rule: "the district court must extend time for service upon a showing of good cause." *Id.* "The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Id.* To establish good cause, a plaintiff must establish, "at minimum, excusable neglect." *Id.* at 1198 n.3. The Court will also consider (1) whether Phoenix Law received actual notice of the lawsuit; (2) whether Phoenix Law would suffer prejudice from an extension; and

(c) whether Williams would be "severely prejudiced if his complaint were dismissed." *Id.*; *see also Scott v. Sebelius*, 379 F. App'x 603, 604 (9th Cir. 2010).

**B.     Williams Has Failed to Demonstrate Good Cause For His Failure to Timely Serve Phoenix Law**

Williams filed this case over 100 days ago, Dkt. No. 1, and he has failed to demonstrate good cause for why he could not effectuate service within the required 90 days, especially considering that 60 days ago, this Court specifically pointed out the deficiencies in his prior attempted service, Dkt. No. 7. Nor does his response to the Court's August 15, 2023 Order to Show Cause explain why he was unable to request an extension or stay over the past two months while "monitoring" the collateral bankruptcy proceedings, how it was "cautiou[s]" to refrain from doing so, or why he did not effectuate service between August 7, 2023 and now. Dkt. No. 9 at 2. Finally, Williams' request for an extension of the service deadline is procedurally improper; "requests for affirmative relief must be made in a motion[.]" *Sergeant v. Bank of Am., N.A.*, No. C17-5232 BHS, 2018 WL 1427345, at *1 n.2 (W.D. Wash. Mar. 22, 2018) (citing LCR 7(b)(1), 7(k)).

### III.  CONCLUSION

For the foregoing reasons, Williams is ORDERED to show good cause by September 5, 2023 for his failure to timely serve Phoenix Law under Federal Rule of Civil Procedure 4(m). The Court will dismiss this action without prejudice if Williams fails to timely show good cause.

Dated this 29th day of August, 2023.

Lauren King
United States District Judge