UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CURTIS WILLIAMS,<br><br>                Plaintiff,<br><br>    v.<br><br>PHOENIX LAW PC,<br><br>                Defendant. | Case No. 3:23-cv-05437-TMC<br><br>ORDER DENYING MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE |

      Before the Court is Plaintiff Curtis William's ("Williams") motion for default judgment. Dkt. 14. The clerk has already entered default against Defendant Phoenix Law PC ("Phoenix Law"). Dkt. 13. Because Williams's motion does not meet the requirements of Western District of Washington Local Civil Rule 55(b)(2) and because he has not shown a legal entitlement to the relief he seeks from Phoenix Law, the Court DENIES the motion for default judgment without prejudice. Williams may file a new motion or revised damages calculation within 21 days of this order.

                **I.    BACKGROUND**

      Williams filed this lawsuit alleging that Phoenix Law tried to charge him for credit repair services he did not sign up for. *See generally* Dkt. 1. He alleges that Phoenix Law obtained his information and credit repair services contract from a different company without his permission,

ORDER DENYING MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE - 1

and that when he told Phoenix Law they did not have authority to withdraw money from his bank account, Phoenix Law threatened him and tried to pressure him into paying for their services. *See id.* at 5–6. He alleges violations of the Consumer Protection Act, RCW 19.86.020, the Credit Repair Organization Act, 15 U.S.C. § 1679, the Credit Services Organization Act, RCW 19.134, and a common law fraud claim. *Id.* at 7–12.

## II.   DISCUSSION

### A.   Williams's damages evidence does not satisfy Local Civil Rule 55(b)(2).

The Local Civil Rules of this District require that motions for default judgment be supported "with a declaration *and* other evidence establishing plaintiff's entitlement to a sum certain and to any nonmonetary relief sought." LCR 55(b)(2) (emphasis added); *see Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (holding that, in ruling on motions for default judgment, courts do not assume that factual allegations in the complaint relating to damages are true). The declaration must "provide a concise explanation of how all amounts were calculated, and shall support this explanation with evidence establishing the entitlement to and amount of the principal claim." LCR 55(b)(2)(A).

Williams attached to his motion a sworn declaration signed by his attorney, Dkt. 14-1, and an "Exhibit A" that Williams's motion characterizes as "a true and correct copy of the Contract with Defendant and Payment History as of April of 2023." Dkt. 14 at 3. But counsel's declaration does not authenticate or even mention these documents. Nor has Williams filed a declaration attesting to their accuracy or that he actually paid the amounts shown. The "payment history" on Exhibit A is merely the contract's "Schedule of Payments" with certain entries highlighted. Dkt. 14-2. This is not sufficient to establish "the entitlement to and amount" of Williams's claimed damages.

### B.  Williams has not demonstrated entitlement to relief against Phoenix Law.

Another problem is that Williams's motion and complaint do not establish a legal entitlement to the amount of damages he seeks against Phoenix Law.

Williams alleges that he entered into a legal services agreement with The Litigation Practice Group (LPG), agreeing to pay a monthly fee for "debt validation services" and for "legal assistance in the event [that he] was sued for any of the enrolled debts." Dkt. 1 at 4. Williams alleges LPG filed for bankruptcy protection, and that as a result his contract with that entity was "null and void." *Id*. at 5. Williams alleges that nothing within his agreement with LPG authorized it to transfer his account or contract. *Id.*

Nonetheless, according to Williams, in April 2023 a representative of Phoenix Law called him to advise that "his payment had not gone through." *Id.* Phoenix Law told Williams it had received his "file" from LPG. *Id.* Williams told Phoenix Law he did not need their services, he did not have a contract with them, and he would "not be giving them any money." *Id.* Despite this, Williams alleges that in May 2023 Phoenix Law attempted to withdraw $269.34 from his bank account, and when he spoke with a representative, he was told that his previous instructions to stop payments were ineffective "because he had not spoken with the correct person." *Id.* Phoenix Law claimed LPG had transferred Williams's contract and threatened to send a harmful letter if he canceled Phoenix Law's services. *Id.* at 6. Williams was forced to spend $34.00 on a stop-payment order to prevent the withdrawal from his bank account. *Id.*

Williams now seeks a default judgment. The primary component of his damages claims is $10,172.76, which is the amount he claims he paid to LPG under his contract with that non-party (26 monthly payments of $391.26). *See* Dkt. 14-2 at 7. He asserts without citation to any legal authority that "Defendant's connection to the fraud perpetrated by LPG renders it liable for the amounts plaintiff paid to LPG under the CROA." Dkt. 14 at 3.

ORDER DENYING MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE - 3

Williams also seeks treble damages under the CPA ($14,827.24), attorney's fees ($4,320.00), and costs ($531.00), for a total of $29,851.00. Dkt. 14 at 3–4.

Upon entry of default, this Court takes as true the factual allegations in the non-defaulting party's complaint, except those related to the amount of damages. Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). Nonetheless, "[e]ntry of default does not entitle the non-defaulting party to a default judgment as a matter of right." *Warner Bros. Ent. Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (internal quotation marks omitted) (quoting *Valley Oak Credit Union v. Villegas*, 132 B.R. 742, 746 (9th Cir. B.A.P. 1991)). The "general rule [is] that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). Whether to grant a default judgment lies within the district court's discretion. *Id.*

Under *Eitel*, the Court considers seven factors in deciding whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.* at 1471–72.

The second and third factors are primarily at issue here. Williams has provided no authority for his assertion that Phoenix Law's "connection to the fraud perpetuated by LPG renders it liable" to him for a refund of the amounts he paid to LPG under his contract with that entity. Dkt. 14 at 3. Indeed, his only factual allegations about Phoenix Law's culpability are that Phoenix Law attempted to withdraw $269.34 from his account despite not having a contract with him and against his instructions not to do so, that it cost Williams $34.00 to stop payment on the

withdrawal, and that Phoenix Law tried to threaten him to convince him to pay for its services. Dkt. 1 at 5–6. It is perhaps possible that Williams can do so, but he has not yet pled or briefed how Phoenix Law is liable for LPG's breaches or torts or how his actual damages caused by Phoenix Law include the money he paid to LPG before the attempted transfer of his contract.

### III.   CONCLUSION

For the foregoing reasons, Williams's motion for default judgment (Dkt. 14) is DENIED without prejudice. Williams may file a revised damages calculation or a new motion explaining his liability theory against Phoenix Law within 21 days of this order. The Court is satisfied that Williams is entitled to his attorney's fees and costs.

Dated this 3rd day of November, 2023.

Tiffany M. Cartwright
United States District Court Judge